P. C. DUER v. JOHN ENDRES & CO.

(No. 2542, R. Book No. 4, p. 336.)

ERROR from Williamson County.    Opinion by WHITE, P. J.

§ **322.** *Judgment by default; citation; practice.* The petition alleged Duer to be a resident citizen of Williamson county; there was no amendment or subsequent allegation that his place of residence and county had been changed. Without any authority, or by what authority is not shown, the county clerk issued the citation for Duer to the sheriff or any constable of Waller county, and the same was served and returned by the sheriff of Waller county. Citations are required to be directed to the sheriff or any constable of the county where the defendant is alleged to reside [Rev. Stats. art. 1215], and shall be directed to the sheriff or constable of the proper county. [Rev. Stats. art. 1443.] If defendant is to be served out of the county where the suit is pending, the petition should allege the county, and a certified copy of the same is required to accompany the citation. [Rev. Stats. art. 1216.]

The correct practice, where a defendant, after commencement of suit, absents himself from the county, so that process cannot be served upon him, but not under circumstances that would authorize the issuance of an attachment, is to file a supplemental petition, alleging his absence from the county of his residence, and stating the county in which he is temporarily to be found, and the clerk would then be authorized to direct the writ or citation to the county in which the defendant is alleged to be. [Sayles' Prac. (1st ed.) § 256.] Without some such allegation, the clerk has no authority to issue to, nor can the defendant be legally served in, any other than the county of his alleged residence. [Ward v. Latimer, 2 Tex. 245; Sanders v. Gilmer, 8 Tex. 295.]

§ **323.** *Sworn account; affidavit to.* An affidavit to an account which does not state that "all just and lawful

offsets, credits and payments have been allowed," and also that the account is due, is not sufficient under the statute [Rev. Stats. art. 2266] to make the account *prima facie* evidence of the debt, and will not of itself alone support a judgment by default.

May 12, 1883.                    Reversed and remanded.